# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3991 | DATE | NOV. 18, 2004 |
| CASE TITLE | STEVE PARSON v. UNION OF NEEDLETRADES, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ **Status hearing set for January 12, 2005 at 11:00 a.m.**
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ Other docket entry]  Union of Needletrades, Industrial and Textile Employees-Hotel Employees and Restaurant Employees (UNITE-HERE) is substituted for defendant Local 1, Hotel and Restaurant Employees and the Clerk of the Court is directed to amend the title of this case accordingly. Motions [9-1, 12-1, 12-2] are granted in part and denied in part. Motions [15-1] and [14-2, 16-1] are denied. Plaintiff's leave to proceed in forma pauperis is withdrawn. Plaintiff's § 1983 claim is dismissed without prejudice. Within 14 days, defendant shall answer the remaining allegations of the complaint that it did not previously answer. All discovery is to be completed by March 11, 2005.
(11) ■ [For further detail see Memorandum Opinion and Order attached to this minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVE PARSON,              )
                           )
         Plaintiff,        )
                           )
    v.                     )  No. 04 C 3991
                           )
UNION OF NEEDLETRADES,     )
INDUSTRIAL AND TEXTILE     )
EMPLOYEES-HOTEL EMPLOYEES  )
AND RESTAURANT EMPLOYEES   )
(UNITE-HERE),              )  NOV 2 4 2004
                           )
         Defendant.        )

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Steve Parson alleges on his form complaint that he has suffered discrimination by defendant Local 1, Hotel and Restaurant Employees.[1] On the form complaint, plaintiff checked boxes alleging he was injured by color and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e et seq.) and 42 U.S.C. § 1981. He also checked a box alleging sex discrimination in violation of Title VII. Additionally, he checked the box

---

[1]Subsequent to the filing of the complaint, defendant merged with another union and is now known as the Union of Needletrades, Industrial and Textile Employees-Hotel Employees and Restaurant Employees or UNITE-HERE. UNITE-HERE will be substituted as defendant and the caption of the case will be modified accordingly.

alleging that defendant is a state or local governmental agency subject to liability under 42 U.S.C. § 1983. Although plaintiff paid the $150.00 filing fee, he subsequently moved to proceed *in forma pauperis* and for the appointment of counsel. The motion to proceed *in forma pauperis* was granted, but the motion for appointment of counsel was denied without prejudice. Defendant has moved to dismiss this case on the ground that the financial affidavit supporting plaintiff's motion to proceed *in forma pauperis* was false. Alternatively, defendant moves to dismiss the § 1983 claim because it is not a governmental entity and the sex discrimination claim on the ground that this claim was not raised during administrative proceedings.

The *in forma pauperis* statute provides in part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) that allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Since the statute uses "shall," dismissal is mandatory when the financial affidavit is false. Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002). It is within the district court's discretion as to whether to dismiss the case with or without prejudice. Id. at 307-08; Mathis v. New York Life Insurance Co., 133 F.3d 546, 547-48 (7th Cir. 1998).

On his initial financial affidavit dated June 29, 2004, plaintiff stated that he was currently employed at the Congress Hotel and listed his "monthly salary or wages" as "$5.15 Per hr." Question 3 on the financial affidavit form asks whether more than $200 was received from a list of sources during the "past twelve months." Plaintiff checked no for salary and wages. He did not respond yes or no to any of the other listed categories, which include business, profession, or self-employment income and any other sources. Plaintiff answered yes that he had more than $200 in a cash or checking account, but did not fill in the line on the form that would show the actual amount in the account or accounts. On question 8, he listed his fiancee and son as being dependent on him, but did not state how much of their support he provided. Since plaintiff had already paid the filing fee, any further amounts (particularly attorney fees) that could be saved by proceeding <u>in forma pauperis</u> would likely be substantial. This was not a situation where more precise information needed to be available so as to be able to determine whether plaintiff should be required to pay a partial filing fee. Although the affidavit was incomplete, based on the information that was provided, the court exercised its discretion to grant <u>in forma pauperis</u> status.

In its motion to dismiss, defendant contends that the June 29 financial affidavit is false because plaintiff omitted

his tip income and also because he omitted a payment he received to work on a movie during the summer of 2003. Plaintiff's response to the motion consists of cursory responses to each paragraph of defendant's motion. Plaintiff does not provide any detail in his response. He does not dispute that he received tips and also that he received a payment for working in the movie "Barber Shop II," but does not state how much his tips may have been. He may be contending that the $5.15 per hour represents wages plus tips. Defendant makes no allegation as to how much plaintiff's wages plus tips may be. Plaintiff does state that all his income was reported on his tax returns.

Plaintiff also submitted a new financial affidavit dated September 21, 2004. This time he left blank the line for showing the amount of his monthly salary or wages. He responded to question 3b this time, but still left questions 3c, 3d, and 3e blank. As to other sources of income, he states that he received $4,000 for working on "Barber Shop II." He also states that he has $350.00 in a checking or savings account. This time he states that he provides 100% of his son's food, clothing, and childcare.

It is unclear whether the $5.15 per hour on the first financial affidavit includes tips or not. But even if it does not include tips, there is no contention that the $5.15 per hour is incorrect. Instead, plaintiff's response would be incomplete

because it omitted including other sources of income. Plaintiff had not checked the box stating that he had no other sources of income. It is unclear whether the "Barber Shop II" income should have been included on either or both financial affidavits. The hearing testimony that defendant relied on to support that plaintiff had income from the movie states that plaintiff worked on the movie during early summer 2003. The financial affidavit form asks for income from the past twelve months. It is possible that plaintiff earned or was paid this income more than twelve months prior to the date of the first and second affidavit. But even assuming this income should have been on the June 29 affidavit, again, plaintiff left the question about other sources of income blank. His answer was incomplete, not false.

It is found that the June 29 affidavit was incomplete, not false. It is also found that the September 21 affidavit is incomplete, not false. This case will not be dismissed based on plaintiff having filed a false financial affidavit in support of a motion to proceed *in forma pauperis*. However, even after an issue was raised regarding the completeness and possible inaccuracy of plaintiff's first financial affidavit, he filed a new affidavit which was again incomplete. Because plaintiff has continued to fail to file a fully adequate financial affidavit, leave to continue to proceed *in forma pauperis* will be withdrawn. Therefore, plaintiff's renewed motion to proceed *in forma*

pauperis will also be denied. Because he is no longer proceeding in forma pauperis, his renewed motions for appointment of counsel must also be denied.

Turning to the motion to dismiss particular claims, the motion regarding § 1983 is well founded. Judicial notice is taken that defendant is not a governmental entity. Therefore, the § 1983 claim will be dismissed.

As to the sex discrimination claim, it may very well be that plaintiff did not raise that claim in administrative proceedings and therefore may not raise it in the present proceeding. However, exhaustion issues are affirmative defenses and a complaint need not include facts necessary to negate an affirmative defense. See Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001); Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Patterson v. County of Cook, 2003 WL 21418337 *3 (N.D. Ill. June 17, 2003). Affirmative defenses may only be raised on a motion to dismiss if the plaintiff has pleaded facts showing that the affirmative defense applies. Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995); Tregenza, 12 F.3d at 718; Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Plaintiff checked the boxes on the form complaint indicating that he had filed a charge with the EEOC and had received a notice of right to sue. He did not check the

box stating that he had attached a copy of the EEOC charge. Defendant provides a copy of the EEOC charge which only alleged discrimination based on race and color. It is true that documents that are referred to in the complaint and that are central to a claim that is made may be considered even if not attached to the complaint. Duferco Steel Inc. v. M/V Kalisti, 121 F.3d 321, 324 n.3 (7th Cir. 1997); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); Minuteman International, Inc. v. Great American Insurance Co., 2004 WL 603482 *1 (N.D. Ill. March 22, 2004). However, because plaintiff is not required to plead exhaustion, that document is not central to his claim and therefore cannot be considered unless plaintiff himself had attached it to his complaint, which he did not. Moreover, it is possible that the charge was later amended or that the issue of sex discrimination was otherwise adequately raised during the EEOC administrative proceedings. While it might be determined on summary judgment or at trial that plaintiff did not adequately preserve his sex discrimination charge, that issue cannot be resolved on defendant's motion to dismiss. The sex discrimination charge will not be dismissed.

IT IS THEREFORE ORDERED that Union of Needletrades, Industrial and Textile Employees-Hotel Employees and Restaurant Employees (UNITE-HERE) is substituted for defendant Local 1,

Hotel and Restaurant Employees and the Clerk of the Court is directed to amend the title of this case accordingly. Defendant's motions to dismiss [9-1, 12-1, 12-2] are granted in part and denied in part. Plaintiff's renewed motions to proceed <u>in forma pauperis</u> [15-1] and for appointment of counsel [14-2, 16-1] are denied. Plaintiff's leave to proceed <u>in forma pauperis</u> is withdrawn. Plaintiff's § 1983 claim is dismissed without prejudice. Within 14 days, defendant shall answer the remaining allegations of the complaint that it did not previously answer. All discovery is to be completed by March 11, 2005. A status hearing will be held on January 12, 2005 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 18, 2004